IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

WESLEY RIDDICK,

    PLAINTIFF                07 Civ 9637(GD)(MHD)

    vs                   COMPLAINT [JURY TRIAL]

THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY POLICE OFFICER KEVIN
JIROLE, Shield # 06208,
NEW YORK CITY POLICE OFFICERS
"JOHN DOES", all of the
identified and non identified
persons in their individual and
in their official capacities,

    DEFENDANTS

_____

## I.  INTRODUCTION

1.  This litigation arises out of the Plaintiff's stop and detention and arrest on May 13, 2007 at or about 12:00 A.M. in the lobby of the building at 123 East 112th Street, New York, New York [as the Plaintiff was leaving the elevator to exit the building after having gone to his friend's apartment in the building]; and the subsequent custodial detention and eventual dismissal of the trespass charge, which had been preferred against the Plaintiff, on September 19, 2007.

2.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

3.  The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

4.   Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

5.   The facts which give rise to the State law claims, has a common nucleus with the facts which give rise the federal law claims. The federal and the pendent State law claims arise out of the same transaction.

6.   The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

7.   This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

## III. THE PARTIES

8.   The Plaintiff is an African American citizen and resident of the State of New York, the City of New York, the County of New York.

9.   The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

10. Defendants "John Does" and Kevin Jirole, Shield # 06208, are New York City Police Officers and agents and employees of the City of New York.  Although their actions and conduct herein described were unlawful and wrongful and

otherwise violative of the Plaintiff's rights as guaranteed
under the laws and Constitution of the United States and of
the State of New York, they were taken in and during the
course of their duties and functions as New York City
Police Officers and as agents and employees of the City of
New York and incidental to the otherwise lawful performance
of their duties and functions as New York City Police
Officers and agents and employees of the City of New York.

## IV. ALLEGATIONS

11.  This is a litigation which arises out of the
Plaintiff's arrest on May 13, 2007 at or about 12:00 A.M.
at the location of the lobby of 123 East 112th Street, New
York, New York [as the Plaintiff was leaving the elevator
to exit the building after having gone to his friend's
apartment in the building]; and the subsequent custodial
detention and the eventual dismissal of the trespass
charge, which had been preferred against the Plaintiff, on
September 19, 2007.

12.  The Plaintiff, who is an African American citizen
and resident of the City of New York, County of New York,
State of New York, is forty nine [49] years of age.

13.  The Plaintiff's birth date is October 20, 1957.

14.  The Plaintiff is separated.

15.  The Plaintiff resides on Lexington Avenue, New
York City, New York 10029.

16.  The Plaintiff resides with his mother, sister, and
his nieces.

17.  At present the Plaintiff is retired. The Plaintiff
has been retired since 2001. The Plaintiff was employed at
the time of his retirement as a doorman.  The Plaintiff
receives Social Security Disability benefits and has
received such, for an ulcerated leg and blood clots, since
2001.

18.  The Plaintiff attended Benjamin Franklin High
School although he did not graduate therefrom.

19.  The incident which gives rise to this litigation
commenced on May 13, 2007 when the Plaintiff was arrested

and continued thereafter until September 19, 2007 when the charge, which had been preferred against the Plaintiff and arose out of his arrest, was dismissed.

20. On Wednesday, September 19, 2007, the charges against the Plaintiff were dismissed.

21. On May 13, 2007, the Plaintiff had gone to visit a friend who resided at 123 East 112th Street, Apt. # 5B, New York City, New York.

22. The Plaintiff entered the building and took the elevator to his friend's residence as he had on numerous occasions prior to that date. The door to the building was open. The intercom in the building was not working.

23. There were two Police Officers in the lobby who greeted the Plaintiff as he entered into the lobby of the building and thereafter entered into the elevator to go to his friend's residence. The Officers who greeted the Plaintiff were a Hispanic female and an Asian male.

24. When the Plaintiff arrived at his friend's residence, he knocked on the door.  No one answered. There was loud music playing. The Plaintiff turned and left the floor and went down, by the elevator, to the lobby.

25. As the Plaintiff exited the elevator into the lobby two officers, not those whom the Plaintiff had initially observed when he went into the building, entered into the lobby and observed the Plaintiff exiting the elevator. The two officers were a white male and African American male.

26. The Plaintiff was immediately stopped, detained, and taken into custody, under arrest, for allegedly trespassing in the building.

27. The Plaintiff indicated that he had been upstairs at a friend's residence and he would take them up to the residence but they refused to go with him upstairs.

28. The Plaintiff was handcuffed and taken into custody and transported to the 23rd Precinct on 123rd Street between 2nd and 3rd Avenues. The Plaintiff was transported in a van, with other individuals who appeared to be under arrest.  The white male officer accompanied the Plaintiff.

4

29.  The Plaintiff was fingerprinted and photographed.

30.  The Plaintiff informed the Officers that he was not feeling well.

31.  Emergency Medical Service personnel were called and eventually the Plaintiff was taken to North General Hospital Emergency Department ay 1879 Madison Avenue where the Plaintiff was examined. The Plaintiff was accompanied by an Officer other than for the Officers who initially stopped and detained and the arrest the Plaintiff.

32.  The Plaintiff was given some medication.

33.  The Plaintiff was in the Hospital a few hours and then transported back to the Precinct.  Thereafter the Plaintiff was transported to Manhattan Central Booking.

34.  The Plaintiff was held in Manhattan Central Booking for some hours and then the Plaintiff appeared in Court before a Judge at an arraignment and was released on his own recognizance.

35.  The Plaintiff went back to Court in July, 2007 and the matter was put over until September 19, 2007 when the Plaintiff again appeared at which time the case was dismissed.

36.  The Plaintiff was charged with trespass.

37.  The Plaintiff committed no criminal offense or other offense under and of the law whatsoever and no reasonable police officer could have believed that the Plaintiff committed any criminal offense or any other offense under and of the law.

38.  The Plaintiff did not trespass as he was an invited guest to a residence apartment in the building; he had lawfully entered the building; he had proceeded to the residence and, then, returned to the lobby, via the elevator, and was exiting the elevator to exist the building when he was arrested.

39.  There was no basis for the stop and detention and eventual custodial arrest of the Plaintiff by the New York

City Police Officers, each of whom is an agent and employee of the City of New York.

40.   While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York.

41.   There was no basis for the stop and detention of the Plaintiff and there was no probable cause for the custodial arrest of the Plaintiff.

42.   The Plaintiff was stopped and detained without lawful basis for such and he was otherwise falsely arrested and was subjected to malicious prosecution.

43.   The actions and conduct herein described were propelled by the crime offense enforcement initiatives of the City of New York which is grounded in the philosophy of the "ends justifies the means".

44.   Such crime offense enforcement initiative propels officers to make stops, detentions, and arrests where there is no probable cause for such and no basis for the stop and detention of individuals and, by such, to generate arrest statistics and to otherwise make examples of individuals in the hope that such would depress crime offenses and other crime offenses.

45.   The policy and practices have a disproportionate impact on African Americans who, because of their race, are often times and for no other reason but the race factor, are singled out for stops, detentions and arrests.

46.   The Plaintiff was unlawfully stopped and detained and was otherwise falsely arrested and subjected to racially discriminatory conduct and subjected to malicious prosecution.

47.   The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

48.   The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York including false arrest, excessive, unnecessary, and unreasonable force and malicious prosecution.

49.   The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

50.   The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, and psychological trauma and physical pain and suffering.

51.   The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

52.   The Plaintiff has no other viable remedy at law but for the institution of this litigation in order to secure full and complete redress, vindication, and justice.

## V.   CAUSES OF ACTION

### A.   FIRST CAUSE OF ACTION

53.   The Plaintiff reiterates Paragraph #'s 1 through 52 and incorporates such by reference herein.

54.   The Plaintiff was unlawfully stopped and detained and subsequently falsely arrested and falsely imprisoned and detained in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

55.   The Plaintiff suffered injuries and damages.

### B.   SECOND CAUSE OF ACTION

56.   The Plaintiff reiterates Paragraph #'s 1 through 55 and incorporates such by reference herein.

57.   The Plaintiff was unlawfully stopped and detained and subsequently falsely arrested and falsely imprisoned and excessively detained in violation of his rights as

guaranteed under the laws and Constitution of the State of New York.

58. The Plaintiff suffered injuries and damages.

### C. THIRD CAUSE OF ACTION

59. The Plaintiff reiterates Paragraph #'s 1 through 58 and incorporates such by reference herein.

60. The Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

61. The Plaintiff suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

62. The Plaintiff reiterates Paragraph #'s 1 through 61 and incorporates such by reference herein.

63. The Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

64. The Plaintiff suffered injuries and damages.

### E. FIFTH CAUSE OF ACTION

65. The Plaintiff reiterates Paragraph #'s 1 through 64 and incorporates such by reference herein.

66. The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the, First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

67. The Plaintiff suffered injuries and damages.

### F.   SIXTH CAUSE OF ACTION

68.   The Plaintiff reiterates Paragraph #'s 1 through 67 and incorporates such by reference herein.

69.   The actions and conduct and policies, practices and customs herein were negligent and otherwise violative of the Plaintiff's rights under the laws and Constitution of the State of New York.

70.   The Plaintiff suffered injuries and damages.

### G.   SEVENTH CAUSE OF ACTION

71.   The Plaintiff reiterates Paragraph #'s 1 through 70 and incorporates such by reference herein.

72.   Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

73.   The Plaintiff suffered injuries and damages.

### H.   EIGHTH CAUSE OF ACTION

74.   The Plaintiff reiterates Paragraph #'s 1 through 73 and incorporates such by reference herein.

75.   The Plaintiff was subjected to excessive, unnecessary and unreasonable force in the form of his handcuffing in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

76.   The Plaintiff suffered injuries and damages.

### I.   NINTH CAUSE OF ACTION

77.   The Plaintiff reiterates Paragraph #'s 1 through 76 and incorporates such by reference herein.

78.   The Plaintiff was subjected to an assault and battery by the way of his physically being taken into

custody and by his handcuffing in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

79.    The Plaintiff suffered injuries and damages.

### J.    TENTH CAUSE OF ACTION

80.    The Plaintiff reiterates Paragraph #'s 1 through 79 and incorporates such by reference herein.

81.    The Plaintiff was subjected to malicious prosecution in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S. C. Section 1983.

82.    The Plaintiff suffered injuries and damages.

### K.    ELEVENTH CAUSE OF ACTION

83.    The Plaintiff reiterates Paragraph #'s 1 through 82 and incorporates such by reference herein.

84.    The Plaintiff was subjected to malicious prosecution in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

85.    The Plaintiff suffered injuries and damages.

### L.    TWELFTH CAUSE OF ACTION

86.    The Plaintiff reiterates Paragraph #'s 1 through 85 and incorporates such by reference herein.

87.    The Defendant City of New York, if the City represents its Officers, uniformly and as a matter of policy and practice indemnifies its Officers for any award of both punitive damages and compensatory damages.

88.    The named and unnamed individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, in their capacities as such, as agents and employees of the City of New York.

89.  Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

90.  The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers under the federal claim jurisdiction pursuant to the doctrine of respondeat superior.

91.  The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Award appropriate declaratory and injunctive relief.

[d] Empanel a jury.

[e] Award attorney's fees and costs.

[f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
       October 30, 2007

Respectfully submitted,

/s/ James I. Meyerson_____
JAMES I. MEYERSON [JM 4304]
64 Fulton Street @ Suite # 502
New York, New York 10013
[212] 226-3310
[212] 513-1006/FAX
ATTORNEY FOR PLAINTIFF
BY:_____

11