



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Special Federal Litigation Division
(212) 788-8698
(212) 788-9776 (fax)

November 19, 2007

**SO ORDERED**

*[signature]*
HON. GEORGE B. DANIELS
NOV 2 1 2007

BY FAX: (212) 805-6737
Honorable George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 630
New York, NY 10007

Re: Riddick v. City of New York, et al., 07 CV 9637 (GBD)

Your Honor:

    I am the Assistant Corporation Counsel representing defendant City of New York in the referenced action.[1] I am writing to request an extension of the City's time to answer or otherwise respond to the complaint from November 19, 2007 to January 18, 2008. I have contacted my adversary about this request and he has consented to the extension.

    There are several reasons for seeking the extension. In his complaint, plaintiff alleges, *inter alia*, that he was falsely arrested by New York City Police Officers. It is our understanding that the underlying criminal action and police records have been sealed pursuant to New York Criminal Procedure Law § 160.50. As such, we need additional time to obtain authorizations from the plaintiffs allowing us to secure the sealed records so that we could properly assess the case and answer the complaint. Plaintiff is also alleging that he suffered physical injuries as a result of the events complained of in the complaint. Accordingly, the extension is also need to allow defendants time to obtain the plaintiff's medical records concerning treatment he received for his alleged injuries.

---

[1] Upon information and belief, defendant Police Officer Kevin Jirole was served with process in this action. This office has not spoke with Officer Jirole about the manner of service and we make no representation as to the adequacy of process. Although this office does not currently represent this defendant, and assuming he was properly served, this office respectfully requests an extension on his behalf, in order that his defenses are not jeopardized while representational issues are being decided. See General Municipal Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law); see also Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir. 1984) (individual defendant must decide whether he wishes to be represented by Corporation Counsel).

No previous request for an extension has been made by either party. An initial conference has been scheduled for January 23, 2008 and so the extension will not cause a delay in litigation. Accordingly, it respectfully requested that the Court grant the City's application to extend its time to answer or otherwise respond to the complaint from November 19, 2007 to January 18, 2008.

I thank the Court for its consideration to this request.

Respectfully submitted,

Steve Stavridis
Assistant Corporation Counsel

cc: James I. Myerson, Esq. (By fax: 212-513-1006)
    Attorney for Plaintiff