UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

WESLEY RIDDICK,

                                 Plaintiff,

                    -against-

THE CITY OF NEW YORK, a municipal entity, NEW
YORK CITY POLICE OFFICER KEVIN JIROLE, Shield
No. 06208, NEW YORK CITY POLICE OFFICERS
"JOHN DOES", all of the identified and non identified
persons in their individual and in their official capacities,


                                 Defendants.

------------------------------------------------------------------------X

**ANSWER**

07 CV 9637 (GD) (MHD)

**Jury Trial Demanded**

        Defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE OFFICER KEVIN JIROLE, Shield No. 06208 ("defendants") by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph 2 of the complaint, except admit that that plaintiff purports to seek relief as stated therein.

        3.     Deny the allegations set forth in paragraph 3 of the complaint, except admit that that plaintiff purports to seek relief as stated therein..

        4.     Deny the allegations set forth in paragraph 4 of the complaint, except admit that plaintiff purports to base jurisdiction as stated therein.

        5.     Deny the allegations set forth in paragraph 5 of the complaint.

6.    Deny the allegations set forth in paragraph 6 of the complaint.

7.    Deny the allegations set forth in paragraph 7 of the complaint.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.

9.    Deny the allegations set forth in paragraph 8 of the complaint, except admit that the City is a municipality pursuant to the laws of the State of New York and that the City maintains the New York City Police Department ("NYPD") pursuant to applicable statutes, ordinances and regulations.

10.    Deny the allegations set forth in paragraph 10 of the complaint, except admit that KEVIN JIROLE, Shield No. 06208, is employed by the City as a police officer for the NYPD and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the John Doe defendant.

11.    Deny the allegations set forth in paragraph 11 of the complaint, except admit that plaintiff was arrested on May 13, 2007 at the location indicated therein

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint, except admit that plaintiff was arrested on May 13, 2007.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the complaint.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the complaint.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the complaint.

26.    Deny the allegations set forth in paragraph 26 of the complaint, except admit that plaintiff was arrested for trespassing.

27.    Deny the allegations set forth in paragraph 27 of the complaint.

28.    Deny the allegations set forth in paragraph 28 of the complaint, except admit that plaintiff was arrested and transported to the 23rd precinct.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the complaint.

30.    Deny the allegations set forth in paragraph 30 of the complaint.

31.    Deny the allegations set forth in paragraph 31 of the complaint, except admit that plaintiff was transported to North General Hospital.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the complaint.

33.    Deny the allegations set forth in paragraph 33 of the complaint, except admit that plaintiff was transported to Manhattan Central Booking.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the complaint.

36.    Admit the allegations set forth in paragraph 36 of the complaint.

37.    Deny the allegations set forth in paragraph 37 of the complaint.

38.    Deny the allegations set forth in paragraph 38 of the complaint.

39.    Deny the allegations set forth in paragraph 39 of the complaint.

40.    Deny the allegations set forth in paragraph 40 of the complaint.

41.    Deny the allegations set forth in paragraph 41 of the complaint.

42.    Deny the allegations set forth in paragraph 42 of the complaint.

43.    Deny the allegations set forth in paragraph 43 of the complaint.

44.    Deny the allegations set forth in paragraph 44 of the complaint.

45.    Deny the allegations set forth in paragraph 45 of the complaint.

46.    Deny the allegations set forth in paragraph 46 of the complaint.

47.    Deny the allegations set forth in paragraph 47 of the complaint.

48.    Deny the allegations set forth in paragraph 48 of the complaint.

49.    Deny the allegations set forth in paragraph 49 of the complaint.

50.    Deny the allegations set forth in paragraph 50 of the complaint.

51.    Deny the allegations set forth in paragraph 51 of the complaint.

52.    Deny the allegations set forth in paragraph 52 of the complaint.

53.    In response to the allegations set forth in paragraph 53 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 52 inclusive of their answer, as if fully set forth herein.

54.    Deny the allegations set forth in paragraph 54 of the complaint.

55.    Deny the allegations set forth in paragraph 55 of the complaint.

56.    In response to the allegations set forth in paragraph 56 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 55 inclusive of their answer, as if fully set forth herein.

57.    Deny the allegations set forth in paragraph 57 of the complaint.

58.    Deny the allegations set forth in paragraph 58 of the complaint.

59.    In response to the allegations set forth in paragraph 59 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 58 inclusive of their answer, as if fully set forth herein.

60.    Deny the allegations set forth in paragraph 60 of the complaint.

61.    Deny the allegations set forth in paragraph 61 of the complaint.

62.    In response to the allegations set forth in paragraph 62 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 61 inclusive of their answer, as if fully set forth herein.

63.    Deny the allegations set forth in paragraph 63 of the complaint.

64.    Deny the allegations set forth in paragraph 64 of the complaint.

65.    In response to the allegations set forth in paragraph 65 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 64 inclusive of their answer, as if fully set forth herein.

66.    Deny the allegations set forth in paragraph 66 of the complaint.

67.    Deny the allegations set forth in paragraph 67 of the complaint.

68.    In response to the allegations set forth in paragraph 68 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 67 of their answer, as if fully set forth herein.

69.    Deny the allegations set forth in paragraph 69 of the complaint.

70.    Deny the allegations set forth in paragraph 70 of the complaint.

71.    In response to the allegations set forth in paragraph 71 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 70 inclusive of their answer, as if fully set forth herein.

72.    Deny the allegations set forth in paragraph 72 of the complaint.

73.    Deny the allegations set forth in paragraph 73 of the complaint.

74.     In response to the allegations set forth in paragraph 74 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 73 inclusive of their answer, as if fully set forth herein.

75.     Deny the allegations set forth in paragraph 75 of the complaint.

76.     Deny the allegations set forth in paragraph 76 of the complaint.

77.     In response to the allegations set forth in paragraph 77 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 76 inclusive of their answer, as if fully set forth herein.

78.     Deny the allegations set forth in paragraph 78 of the complaint.

79.     Deny the allegations set forth in paragraph 79 of the complaint.

80.     In response to the allegations set forth in paragraph 80 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 79 inclusive of their answer, as if fully set forth herein.

81.     Deny the allegations set forth in paragraph 81 of the complaint.

82.     Deny the allegations set forth in paragraph 82 of the complaint.

83.     In response to the allegations set forth in paragraph 83 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 82 inclusive of their answer, as if fully set forth herein.

84.     Deny the allegations set forth in paragraph 84 of the complaint.

85.     Deny the allegations set forth in paragraph 85 of the complaint.

86.     In response to the allegations set forth in paragraph 86 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 85 inclusive of their answer, as if fully set forth herein.

87.    Deny the allegations set forth in paragraph 87 of the complaint.

88.    The allegations set for in paragraph 88 of the complaint constitute conclusions of law rather than averments of fact and as such no response is required.

89.    Deny the allegations set forth in paragraph 89 of the complaint.

90.    Deny the allegations set forth in paragraph 90 of the complaint.

91.    Deny the allegations set forth in paragraph 91 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

92.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

93.    The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

94.    To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

95.    Punitive damages are not available against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

96.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or from that of others, and was not the proximate result of any act of the defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

97.     There was probable cause for plaintiff's arrest, prosecution and detention.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

98.     Plaintiff's injuries, if any, are de minimis and do not give rise to a constitutional violation.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

99.     This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

100.     This action is barred in whole or in part by latches and the applicable limitations period.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

101.     The individual defendant is immune from suit under the doctrine of qualified immunity.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

102.     Plaintiff has failed to comply with § 50 of the General Municipal Law.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

103.     Plaintiff lacks standing to seek injunctive or declaratory relief.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
         January 18, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the

City of New York
Attorney for Defendants THE CITY OF NEW
YORK and NEW YORK CITY POLICE OFFICER
KEVIN JIROLE
100 Church Street, Room 3-159
New York, New York 10007
(212) 788-8698


By: _____
     Steve Stavridis

(By ECF)

TO:    James Myerson, Esq.
       Attorney for Plaintiff
       64 Fulton Street – Suite 502
       New York, New York  10013
       (212) 226-3310

10